Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska 99701
907-451-0875 voice
907-451-9385 fax
sparkslawoffice@yahoo.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| BIG STATE LOGISTICS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GOVERNMENT SERVICES | ) |
| CORP. f/k/a MLDC GOVERNMENT | ) |
| SERVICES CORP., a Delaware | ) |
| Corporation. | ) |
| | ) |
| Defendant | ) |
| | ) |

CASE NO. 4:13-cv-00029-TMB

**MOTION AND MEMORANDUM TO
COMPEL DISCOVERY**

COMES NOW Plaintiff, Big State Logistics, Inc. by and through its attorney, Robert A. Sparks, the Law Office of Robert A. Sparks, and hereby moves this Court pursuant to FRCP 37 hereby moves this court to compel discovery by Defendant Government Services Corp. f/k/a MLDC Government Services Corp.

As the Court will recall, the only issue in this case is whether Defendant Government Service Corp. has been paid by the United States for $160,000 worth of gasoline delivered to Joint Base Elmendorf/Ft. Richardson (JBER) during June and July 2013 by Plaintiff Big State.

1. Plaintiff served Defendant with Plaintiff's First Set of Discovery Requests on October 29, 2013. See Exhibit "A" Plaintiff's First Discovery Requests.

2. Defendant Government Services Corp. provided its response to Plaintiff's Requests for Admission on December 2, 2013. Exhibit "B" GSC RFA responses

3. Defendant Government Services Corp. provided Plaintiff with Defendant's response

Page 1

to Plaintiff's remaining discovery requests on December 4, 2013. See Exhibit "C" GSC Discovery Responses.

4. Plaintiff Big State sent the letter dated January 7, 2014, attached hereto as Exhibit "D" to Defendant Government Service's attorney, highlighting Plaintiff's objections to the Defendant's deficient discovery requests and requesting supplementation.

5. Plaintiff's counsel Robert A. Sparks called Defendant's attorney Michael Grisham on January 29, 2014 and left a voice mail message for Mr. Grisham to call Mr. Sparks if Defendant intended to provide any supplemental discovery responses. See Robert A. Sparks Affidavit.

6. Defendant's attorney responded and offered to produce redacted bank statements via an email on January 29, 2014.

7. Plaintiff's attorney responded via email on January 30, 2014 and pointed out that he had called Defendant's attorney twice and had not received a return call, that Plaintiff had not yet received unredacted invoices for the fuel deliveries, leaving Plaintiff Big State with no idea what amount had been paid to Defendant Government Services by the United States for the fuel Plaintiff had delivered in June and July 2013. Plaintiff's attorney requested that Defendant's attorney set a time for a phone call that afternoon to discuss the discovery responses.

8. Defendant's attorney responded via email at 4: 05 P.M. on January 30, 2014, continuing to refuse to produce unredacted bank statements and stating that Defendant's attorney would be available until 5:00 P.M. to discuss any additional discovery issues.

9. Plaintiff's attorney called Mr. Grisham at 4:15 P.M and was unable to reach Mr. Grisham via phone. Mr. Sparks left a voice-mail for Mr. Grisham with Mr. Sparks telephone number. While Defendant agreed to produce unredacted invoices for the deliveries, the remaining discovery issues were unresolved.

Defendant has failed to resolve the remaining discovery issues raised in Mr. Sparks January 7, 2014 letter and continues to refuse to produce unredacted copies of Defendant's bank statements showing deposits to its bank accounts, refuses to produce highly relevant documents

concerning its fuel contract and refuses to provide Plaintiff with a financial records release. Plaintiff Big State needs the unredacted invoices so that it can confirm the amounts billed to the United States for the fuel delivered by Big State and determine the dates of any payments on the invoices. Plaintiff Big State needs Defendant Government Services bank account records in order to prove that Defendant has been paid by the federal government for the fuel that was delivered to it by Plaintiff in June and July 2013.

Defendant's December 4, 2013, discovery responses are untimely. Defendant had 33 days to respond to the discovery requests from Plaintiff Big State. Defendant has waived any objections to Plaintiff Big State's discovery requests, because of Defendants unexcused delay in responding to Plaintiff's discovery. See FRCP 33(b)(4)("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.")

Plaintiff Big State seeks an order from this court compelling Defendant Government Services Corp. to provide the following relevant information in response to the Plaintiff's First Set of Discovery and to order Defendant to pay Plaintiff's costs and attorney's fees for this motion:

**INTERROGATORY NO. 1.** requested that Defendant:

> Please identify each bank account into which Defendant deposited any federal fuel contract payments during 2013, including the complete name of each bank, the address of the bank, and the account numbers for each such account.

Exhibit "A" Plaintiff's 1st Discovery. Defendant's response on December 4, 2013, stated:

> Answer: Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, unduly vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that its banking and account information is highly sensitive and proprietary business information in which Defendant has significant privacy interests, and that Defendant cannot be required to produce such banking and account information without significant protections.

Defendant's Response to Plaintiff's First Discovery, Exhibit "C", p. 2.

The only reason that the Court denied Plaintiff's Motion for Prejudgment Attachment is that Plaintiff could not identify any assets in the State of Alaska. Defendant GSC, in bad faith,

Page 3

seeks to continue delaying any justice to Plaintiff Big State by refusing to provide basic information about its case.

Plaintiff Big State seeks the information about Defendant's bank accounts, because Defendant GSC has made its financial records the lynchpin of its case – whether Defendant has not yet received payment from the federal government for the fuel deliveries forming the basis of Plaintiff's claims. Plaintiff's attorney offered to keep any confidential information or documents produced by Defendant pursuant to the discovery requests 'for attorney's eyes only" pending resolution of a protective order. See Exhibit "D" Sparks letter. Defendant has refused to respond further to Interrogatory No. 1. See Robert Sparks Affidavit. Defendant should be compelled to provide a full and response to Plaintiff's Interrogatory No. 1. Defendant should not be rewarded for its delay and refusal to provide discovery. As noted above, Defendant's objections have been waived by its late responses.

**INTERROGATORY NO. 2.** requested that Defendant GSC:

> Please identify the bank account into which Defendant deposited any funds received from fuel contract no. SP660-11-D-4009, including the name of each bank, the address of the bank, and the account numbers for each such account.

Exhibit "A" Plaintiff's First Discovery, at p. 5. Defendant GSC's response was:

> Answer: Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, unduly vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that its banking and account information is highly sensitive and proprietary business information in which Defendant has significant privacy interests, and that Defendant cannot be required to produce such banking and account information without significant protections. Without waiving these objections, Defendant responds that it has no responsive information regarding the referenced "contract No. SP660-11-D-4009."

Exhibit "C" Defendant's Response to 1st discovery, at p. 2-3. Plaintiff Big State narrowed Interrogatory No. 1, to request information concerning the bank account into which Defendant GSC deposited the contract payments from the contract under which Defendant had deliver fuel. Apparently, the correct contract number is "SP0600-11-D-4009". Despite clarification to the Defendant's attorney that Plaintiff sought information regarding the bank account into which

Page 4

Defendant deposited payments from the government contract under which Plaintiff's fuel was delivered, Defendant Government Services continues to refuse to respond to the interrogatory. See Robert A. Sparks Affidavit. There is no evidence that Defendant expended any significant effort to respond to the discovery response regarding the mistaken contract number.

Defendant should be compelled to provide a full and response to Plaintiff's Interrogatory No. 2. Defendant should not be rewarded for its delay and refusal to cooperate with discovery. Any defenses have been waived by Defendant's late response.

**REQUEST FOR PRODUCTION NO. 1** requested that the Defendant GSC provide Plaintiff with a financial records release. A copy of the proposed release is attached to to Exhibit "A" 1st Discovery Responses as an attachment. Defendant's response to RFP No. 1 was as follows:

> Response: Defendant objects on the grounds that the request is overly broad, unduly burdensome, unduly vague, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of any appropriate request under Civil Rule 34. Defendant further objects on the grounds that its banking and account information and other "financial records" are highly sensitive and proprietary business information in which Defendant has significant privacy interests, that it cannot be required to provide such banking and account information without significant protections, and that it cannot be compelled to execute the broad-ranging release regarding such information sought by Plaintiff.

Exhibit "C" Response to First Discovery at p. 3. As noted above, Defendant waived its objections when it served its discovery responses late.

The requested financial release seeks documents and information that are highly relevant and are directly related to the Defendant's defense in this case that it has not yet received payment from the federal government for the $160,000 worth of fuel delivered by Plaintiff . Defendant has refused to respond further to RFP No. 1, See Robert Sparks Affidavit. Defendant should be compelled to provide the executed release in response to Plaintiff's RFP No. 1. Despite Plaintiff's offer to keep any produced documents for attorney's eyes only and to consider a protective order proposed by Defendant, Defendant has refused to provide further information. See Robert A. Sparks Affidavit.

Page 5

**INTERROGATORY NO. 3.** requested that the Defendant provide the following information:

> Please identify each person to whom Defendant communicated concerning any late or delayed payment by the United States for the fuel delivered by Plaintiff, including the date of each such communication, the method of communication (including the phone number of any phone used to make a phone call), and identify any documents related to each such communication and identify the person to who Defendant communicated, including their address and phone number.

Exhibit "A" Plaintiff's First Discovery, at p. 5. While Defendant provided a laundry list of person that it contended that it had contacted, Defendant refuses to respond to the specific request contained in the Interrogatory that it provide specific information about what phone number it used to make any claimed calls, provide the dates of any claimed calls and refuses to identify any documents related to any such calls. See Robert A. Sparks Affidavit.

It is believed that Defendant GSC's refusal to respond fully to this request is because there actually are no late or delayed payments and hence no phone calls about any late or delayed payments. The information requested in this interrogatory is highly relevant to Defendant GSC's claim that it has not been paid for the fuel delivered by Plaintiff. Defendant should be ordered to provide a full and complete response to Interrogatory No. 3, including the phone number of any originating calls, the date of any such calls, identification of any documents related to any such communications.

**INTERROGATORY NO. 5.** requested that the Defendant:

> Please identify each fuel delivery under fuel contract No. SP660-11-D-4009, made by or on behalf of Defendant during 2013 and for each such delivery please:
> a. identify the fuel supplier (including its name, address and phone number),
> b. the amount of fuel delivered
> c. the address where the fuel was delivered.
> d. the cost to Defendant of the fuel delivered.
> e. the date that Defendant received payment from the federal government for each fuel delivery.
> f. the date that Defendant paid its supplier for the delivered fuel.

Exhibit "A" Plaintiff's First Discovery, at p. 7. Defendant's response was:

> Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, unduly vague and not reasonably calculated to lead to the discovery

Page 6

of admissible evidence.  Without waiving this objection, Defendant responds that it has no information related to "fuel contract No. SP660-11-D-4009."

Exhibit "C" Response to First Discovery at p. 8-9.   As noted above, the correct contract number is "SP0600-11-D-4009".  Despite clarification to the Defendant's attorney that Plaintiff sought information regarding the correct contract number, Defendant GSC continues to refuse to respond to the interrogatory.  <u>See</u> Robert A. Sparks Affidavit.  There is no evidence that Defendant expended any significant effort to respond to the discovery response regarding the mistaken contract number.   The requested information is highly relevant to the Defendant's defense that it has not yet received payment from the federal government for the $160,000 in gasoline delivered in June and July 2013.  Dates that other fuel contractors delivered fuel and what dates they had been paid certainly would indicate whether Defendant's claim that the federal government had not paid it is credible or not.  Defendant should be ordered to respond fully and completely to this request.

    **REQUEST FOR PRODUCTION NO. 5:** requested that the Defendant GSC:
" Please produce all documents identified in defendant's response to interrogatory no. 3."
Exhibit "A" First Discovery at p. 7.  Interrogatory No. 3 had requested that GSC identify any persons that it had contacted regarding the allegedly unpaid invoices for Plaintiff's fuel and identify any documents relating to the contacts.  Defendant GSC objects that the request for copies of any documents identified in response to Plaintiff's Interrogatory No. 3, is "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence."   Exhibit "C" GSC Discovery Responses.  Without waiving its objections, Defendant then states that "it has no documents."

    Plaintiff Big State does not know if Defendant "has no documents" or is withholding relevant documents, due to its objections to Plaintiff's requests.  It is clear that the requested information is highly relevant to Plaintiff's claims.   According to GSC, there is not even one document  sent by GSC to anyone about the United States failure to pay GSC for the $160,000 in fuel delivered by Plaintiff Big State.  Defendant GSC should be compelled to respond fully and

Page 7

completely to Plaintiff Big State's Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 7** requested that the Defendant "Please produce all documents identified in interrogatory response no. 5." Exhibit "A" Plaintiff's 1st Discovery at p. 8. Defendant GSC's response was that:

> Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, unduly vague and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant responds that it has no documents or information related to "fuel contract No. SP66)-11-D-4009" *See* Response to Interrogatory No. 5.

Exhibit "C" GSC Discovery Responses, at p. 10. Apparently, the correct contract number is "SP0600-11-D-4009". Despite clarification to the Defendant's attorney that Plaintiff sought information regarding the correct contract number, Defendant GSC continues to refuse to respond to the request for production. See Robert A. Sparks Affidavit. There is no evidence that Defendant expended any significant effort to respond to the discovery response regarding the mistaken contract number.

The requested information is highly relevant to the Defendant's defense that it has not yet received payment from the federal government for the $160,000 in gasoline delivered in June and July 2013. The documents may reveal new witnesses or other information as to the credibility of Defendant's claim that it has not been paid for fuel delivered in June and July 2013. Plaintiff Big State is entitled to a full and complete response to Request for Production No. 7.

**REQUEST FOR PRODUCTION NO. 8** requested that the Defendant "Please produce all documents related to the fuel delivered by Plaintiff, including invoices and payment records." Exhibit "A" 1st Discovery at p. 9. Defendant GSC's response was that:

> Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, unduly vague, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant responds that responsive documents within its possession and control are attached hereto (Bates Nos. GSC 00009 - GSC 00059).

Exhibit "C" Discovery Responses at 11. While Defendant did produce invoices that it apparently submitted to the federal government for the fuel delivered by Plaintiff Big State, Defendant

Page 8

redacted the documents by removing the payment information, amount billed, **AMOUNT PAID** and the balance due, from each invoice.  See Exhibit C (attached bates stamped documents at p. 39, 47, 49, 58).  The requested information is **HIGHLY RELEVANT**.  Plaintiff's attorney offered to keep the documents confidential pending entry of a protective order by the court.  See Sparks affidavit.   Defendant GSC should be ordered to respond fully and completely to Plaintiff's RFP No. 8.

       **INTERROGATORY NO. 9** requested that the Defendant:

> Please explain how Defendant expects to be paid by the United States for the fuel delivered by Plaintiff to Joint Base Elmendorf Richardson, including identification of any financial institutions at which payments would be received, their addresses and account numbers.

Exhibit "C" 1st Discovery at 9.  Defendants response to the interrogatory was that:

> Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects on the grounds that its banking and account information is highly sensitive and proprietary information in which Defendant has significant privacy interests, and that Defendant cannot be required to produce such banking and account information without significant protections.  Without waiving these objections, Defendant responds that the standard procedure for payment is for the contractor to prepare and submit an invoice for agency approval.  Once the invoice is approved and scheduled for payment, the U.S. Treasury Department transfers funds via EFT into the contractor's registered account.

Exhibit "C" GSC Discovery Responses at 12.  As noted above, Plaintiff Big State has offered to keep any information or documents produced confidential, pending entry of a protective order by the court.   Defendant has placed its banking and financial records at the centerpiece of its defense of Plaintiff Big State's claims in this case.  Defendant GSC should not be allowed to continue to refuse to produce highly relevant information. Defendant should be ordered to provide a full and complete response to Plaintiff's Interrogatory No. 9.

## **CONCLUSION**

       Plaintiff Big State respectfully requests that the Court order Defendant GSC to provide full and complete responses to Plaintiff's Interrogatory No. 1, 2, 3, 5, 9 and Plaintiff's Requests for Production Nos. 1, 5, 7, and 8.  Plaintiff Big State also seeks award of costs and fees for

Page 9

having to file the instant motion to compel.

DATED this 3rd day of February, 2014, at Fairbanks, Alaska.

THE LAW OFFICES OF ROBERT A. SPARKS

Robert A. Sparks /s/
Robert A. Sparks
Attorney for Plaintiff
Membership No. 8611139
1552 Noble Street
Fairbanks, Alaska 99701
Phone: 907-451-0875
Fax: 907-451-9385

I hereby certify that on
February 3, 2014, a copy
of the foregoing document was
served via email ecf on:

Michael A. Grisham
Defendant's attorney

Robert Sparks /s/
Robert A. Sparks