Michael A. Grisham
DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone: (907) 276-4557
Facsimile: (907) 276-4152

Attorneys for Defendant
Government Services Corp.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BIG STATE LOGISTICS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT SERVICES CORP., f/k/a MLDC GOVERNMENT SERVICES CORP.,<br><br>Defendant. | Case No. 4:13-cv-00029-TMB<br><br>**OPPOSITION TO MOTION TO COMPEL DISCOVERY AND CROSS-MOTION FOR PROTECTIVE ORDER** |

Defendant Government Services Corp. ("GSC") hereby opposes the motion to compel discovery filed by Plaintiff Big State Logistics, Inc. ("Big State"), and cross-moves for a protective order pursuant to Civil Rule 26(c) and Local Rule 26.1(b).

## **INTRODUCTION**

This is a simple case, and there is little in dispute. Defendant Government Services Corp. ("GSC") has a fuel delivery contract with the federal government. GSC

OPPOSITION TO MOTION TO COMPEL
DISCOVERY AND CROSS-MOTION FOR
PROTECTIVE ORDER
Page 1 of 14

*Big State Logistics, Inc. v. Government Services*

4:13-cv-00029-TMB

Case 4:13-cv-00029-TMB   Document 46   Filed 02/20/14   Page 1 of 14

ordered fuel from Plaintiff Big State Logistics, Inc. ("Big State") to fulfill orders under that contract. As GSC informed the Court at the hearing on Big State's motion for a pre-judgment writ of attachment, GSC does not dispute that Big State timely delivered the fuel. For a litany of reasons, however, the government has not yet paid GSC for the fuel, and so GSC has been unable to pay Big State.[1] The case presents a single legal question: whether the parties' agreement required GSC to pay within a fixed period or whether it required GSC to pay when it was paid by the government. Big State also avers a factual dispute, insisting that GSC has in fact already been paid by the government.

The Court, in its determination of Big State's motion for a pre-judgment writ of attachment, has already placed GSC under an obligation to report to the Court when it receives payment on Big State's fuel delivery. Nonetheless, Big State has, mostly appropriately, pursued information through discovery and FOIA requests. The scope of information Big State seeks, however, is far more broad than necessary to litigate the present matter. Further, Big State has also imbrued all of its communications regarding this matter with allegations of criminal wrongdoing by GSC, has communicated such unfounded allegations to various members of the business and legal community where GSC is located, and has explicitly stated its intent to use information gathered in

---

[1] As the Court may be aware, there were significant ripple effects from the government shutdown of last year and the "sequester" funding levels that effected government contractors and continue to effect the ability of government agencies to conduct their work. *See* http://www.nytimes.com/2013/06/27/business/economy/mandated-us-budget-cuts-ripple-through-private-sector.html?pagewanted=all&_r=0, last checked February 19, 2014; *see also* Declaration of Matt Ruck.

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

discovery to harass GSC, among other means through improper duplicative litigation. This is significantly less appropriate.

And thus the present dispute. Big State is perfectly entitled to appropriate discovery for use in this litigation. Big State is not, however, entitled to use the discovery process, or to vexatiously over-litigate this case, in order to harass and intimidate GSC.[2] GSC has therefore requested a protective order under which GSC's sensitive and confidential documents (*e.g.* its bank account information) would be for attorney's eyes only and would be used solely for purposes of this litigation. Big State has accepted the first provision, but rejected the second because, among other things, it wants to use the information to file a second lawsuit seeking a second writ of attachment. This improper plan to mount a collateral attack on this Court's rulings represents exactly why the Court should authorize GSC's requested protective order. For this and the other reasons set forth herein, Big State's Motion to Compel is unwarranted and should be denied. GSC respectfully submits that the Court should instead enter GSC's proposed protective order, under which GSC will produce much of the requested information.

---

[2] As set forth below, the need for this motion and Big State's related allegations of "bad faith" are grossly overstated. The only real issue is whether GSC is entitled to a protective order. GSC has raised and negotiated this issue in good faith. *See* Good Faith Certificate filed herewith. That the parties have been unable to agree on the terms of a protective order, and so need the Court's intervention, is hardly evidence of "bad faith."

OPPOSITION TO MOTION TO COMPEL *Big State Logistics, Inc. v. Government Services*
DISCOVERY AND CROSS-MOTION FOR
PROTECTIVE ORDER
Page 3 of 14                                                                  4:13-cv-00029-TMB

## ARGUMENT

### I. GSC Is Entitled To A Reasonable Protective Order

Protective orders are a judicial tool created by the provisions of Civil Rule 26(c) itself, and are commonly used to ameliorate any potential negative effects of the otherwise broad discovery provisions of Civil Rule 26.[3] As stated by the Ninth Circuit:

> Rule 26 states that, in general, any matter relevant to a claim or defense is discoverable. That principle is subject to limitation. After a showing of good cause, the district court may issue any protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure. The burden is upon the party seeking the order to "show good cause" by demonstrating harm or prejudice that will result from the discovery. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary."[4]

GSC can demonstrate "good cause" in support of the protective order it seeks herein.

GSC and Big State were able to reach agreement as to the general scope of a protective order except for one important point. Big State agreed to GSC's request that documents and information deemed confidential be limited to "attorney's eyes only."[5] Big State refused, however, to limit disclosure of the documents generally or to limit their

---

[3] *Rivera v. Nibco, Inc.*, 364 F. 3d 1057, 1063 (9th Cir. 2004).
[4] *Id.* at 1063-64, (*internal citations omitted*), *quoting* Fed. R. Civ. Proc. 26, *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir.2002). Local Rule 26.1 further requires compliance with Local Rule 37.1 in moving for a protective order. GSC's compliance documents are submitted herewith.
[5] *See* Docket 40 at 4; Docket 40-5.

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

OPPOSITION TO MOTION TO COMPEL DISCOVERY AND CROSS-MOTION FOR PROTECTIVE ORDER
Page 4 of 14

*Big State Logistics, Inc. v. Government Services*

4:13-cv-00029-TMB

use to purposes related to the present litigation.[6] In communications with counsel and later in filings with this Court, Big State made clear at least one of the reasons why: "Plaintiff Big State believes that use of the Defendant's banking information to locate the state in which Plaintiff could conduct a prejudgment attachment would be a valid use of the information."[7]

GSC respectfully submits that this statement alone provides sufficient good cause for entry of a protective order with the provision requested by GSC. Big State has already brought and lost a motion for pre-judgment writ of attachment before this Court.[8] Big State has explicitly indicated, however, that it plans to use information provided in discovery in this case to file *another* motion for pre-judgment writ, duplicative of the motion previously rejected by this Court, in another state.[9] Big State cannot bring another case based upon the same operative facts in another jurisdiction, however, and the provisions of the Anti-Injunction Act and principles of claim and issue preclusion would result in this Court enjoining any such proceeding in any event.[10] The filing of a duplicative lawsuit in another jurisdiction in order to mount a collateral attack on this Court's orders is not an appropriate or legitimate purpose for discovery. It is rather a

---

[6] *See* Affidavit of Michael Grisham.
[7] *See* Docket 43 at 2, Docket 43-3.
[8] Docket 21.
[9] Contrary to Big State's assertion, the Court denied the motion due to the factual and legal dispute regarding the date upon which payment was due ("when paid" vs. "within a specific time"). *Id.*
[10] *See* Wright, Miller, Cooper & Amar, *Federal Practice and Procedure: Jurisdiction 3d* §4226.

OPPOSITION TO MOTION TO COMPEL DISCOVERY AND CROSS-MOTION FOR PROTECTIVE ORDER
Page 5 of 14

*Big State Logistics, Inc. v. Government Services*

4:13-cv-00029-TMB

vexatious effort to increase the costs and burdens of litigation on GSC in order to negatively motivate GSC to pay Big State sooner – it is, in short, an effort to cause "annoyance, oppression, [and] undue burden or expense."

Nor is this the only reason for GSC's requested protective order. Big State has loaded all of its communications in this matter with accusations of criminal misconduct, and with liberal references to the 2006 criminal conviction of a GSC employee.[11] GSC has also been informed that Big State has been communicating with attorneys and businesspeople in the Moscow, Idaho, area regarding this matter and making similar statements to them.[12] While such actions may, unfortunately, be standard practices for debt collection offices, it is not an appropriate use of the federal discovery process to support such techniques. The requested limitation on use of discovery materials will ensure that information gained in the litigation of this case is used for the purposes of this case, and not for other purposes.[13]

The scope of the limitations GSC seeks on discovery is standard and reasonable – that it not be disclosed to anyone but the attorneys working on this case and that its use be limited to litigating this case. The parties discussed the matter and have reached an impasse. That GSC now seeks the protections specifically afforded by Civil Rule 26(c)

---

[11] Affidavit of Matt Ruck.
[12] *Id.*
[13] Of course, all protective orders must contain a provision allowing for relief from their terms by the Court. If Big State identifies a specific need for relief from this or any other aspect of a protective order, it can request such relief.

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

OPPOSITION TO MOTION TO COMPEL DISCOVERY AND CROSS-MOTION FOR PROTECTIVE ORDER
Page 6 of 14

*Big State Logistics, Inc. v. Government Services*

4:13-cv-00029-TMB

Case 4:13-cv-00029-TMB   Document 46   Filed 02/20/14   Page 6 of 14

cannot fairly be characterized as "bad faith," as Big State now avers. Instead, as demonstrated above, "good cause" clearly exists to support the requested protective order, as it is necessary to prevent Big State from using the discovery process to cause "annoyance, … oppression, or undue burden or expense."

## II. Specific Discovery Demands

The resolution of GSC's request for protective order will deal with many of the discovery issues raised by Big State, as detailed below. With respect to other demands for discovery, however, GSC submits that they are neither reasonable in scope, and that they are unduly burdensome and unnecessary.

### A. Discovery Issues Resolved By Determination Of GSC's Request For Protective Order

#### 1. Interrogatory 1: Identification of Banking Institutions and Account Numbers

As the Court is aware, banking and account information is sensitive, and a motivated party could do significant harm with such information. GSC has already provided redacted account statements, and has indicated from the outset that it will provide additional information upon entry of a protective order. In this regard, Big State's allegations of "bad faith" are unsupported and improper. GSC's demand for a reasonable protective order was made from the beginning of the matter.[14]

---

[14] *See* Docket 40-4 (asserting need for protective order as objection).

OPPOSITION TO MOTION TO COMPEL  *Big State Logistics, Inc. v. Government Services*
DISCOVERY AND CROSS-MOTION FOR
PROTECTIVE ORDER
Page 7 of 14                                                          4:13-cv-00029-TMB

### 2. RFP 8: Invoices

GSC initially had redacted information from its invoices on the understanding and belief that the government treated such information as confidential (the government also redacted from FOIA answers).[15] On further investigation, GSC determined that the government did not place such restrictions on the production of these documents, and so in a supplemental discovery response it produced them with limited redactions related to its banking information, addressed above.[16] Again, GSC's need for a protective order in this regard was made clear from the outset, and again Big State's allegations of "bad faith" are not supported by the record.[17]

### 3. Interrogatory 9: Payment Details

GSC provided relevant information, and is prepared to provide additional information related to its bank statements upon approval of the requested protective order. Again, GSC indicated its need for a protective order to Big State from the outset of its discovery, and the parties negotiated about the terms of such a protective order but were unable to agree.[18] The record again does not support Big State's allegations of bad faith.

---

[15] *See* Docket 43-2.
[16] *See* Docket 43-2.
[17] Docket 40-4.
[18] *Id*.

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

OPPOSITION TO MOTION TO COMPEL
DISCOVERY AND CROSS-MOTION FOR
PROTECTIVE ORDER
Page 8 of 14

*Big State Logistics, Inc. v. Government Services*

4:13-cv-00029-TMB

Case 4:13-cv-00029-TMB   Document 46   Filed 02/20/14   Page 8 of 14

## B. Remaining Discovery Issues

There are three remaining categories of discovery demanded by Big State to which GSC maintains its objections, regardless of the resolution of the protective order issue. GSC respectfully requests that the Court deny Big State's motion to compel with respect to these issues.

### 1. RFP 1: Financial Records Release

The most significant of the remaining discovery issues is Big State's demand for a broad ranging "financial records release." This demand is unusual to say the least – the undersigned is aware of no other case in which such a release has been approved or mandated. The release drafted by Big State appears akin to the type of health records release generally sought in personal injury cases.[19] In those cases, however, such releases are required by federal and state medical privacy laws and the records are made relevant by the nature of the plaintiff's claims. Here, the issue of whether GSC has been paid can readily be ascertained through bank statements, which Big State has requested and GSC is willing to provide upon entry of a protective order. Big State's demand that GSC provide it with an open license to fish around in *all* of GSC's financial records is thus unnecessary. Further, this demand for a general release is clearly overbroad and unduly burdensome: it would provide Big State with unrestricted, at-will access to information regarding *all* of GSC's customers, contracts, loans, business credit accounts,

---

[19] *See* Docket 40-2.

OPPOSITION TO MOTION TO COMPEL
DISCOVERY AND CROSS-MOTION FOR
PROTECTIVE ORDER
Page 9 of 14

*Big State Logistics, Inc. v. Government Services*

4:13-cv-00029-TMB

and other unrelated business finance affairs, without restriction.[20] Because the relevant banking information was already requested through different discovery requests, because this broad and unlimited records release is both overly broad and unduly burdensome, because there is no restriction on the use to which Big State could put the information it obtains, and because forcing GSC to execute such a release is not an appropriate use of the discovery rules, GSC respectfully submits that it should not be compelled to execute this document.

### 2. Interrogatory 2, 5, RFP 7: Fuel Contract Information

This aspect of Big State's motion is confusing. Big State asked for information and documents regarding a specific contract, and identified that contract by a specific number.[21] GSC answered truthfully and accurately that it had no relevant information regarding the specifically-identified contract. As it turns out, Big State got the number of the contract wrong. Instead of simply issuing a new or revised discovery requests, however, Big State now asserts that GSC should have understood that Big State was in fact talking about a different contract than the one it specified by number, that the burden is on GSC to correct Big State's error, and that this Court should compel GSC to answer discovery requests that Big State did not in fact issue.

---

[20] *See* Docket 40-2 at 11.
[21] Docket 40-2 at 5-6.

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

OPPOSITION TO MOTION TO COMPEL
DISCOVERY AND CROSS-MOTION FOR
PROTECTIVE ORDER
Page 10 of 14

*Big State Logistics, Inc. v. Government Services*

4:13-cv-00029-TMB

Case 4:13-cv-00029-TMB   Document 46   Filed 02/20/14   Page 10 of 14

GSC first notes that, from a practical perspective, this is not much of an issue. The requests at issue are duplicative, and would only elicit the same information as several of Big State's other requests.

From the legal perspective, however, this aspect of Big State's motion simply makes no sense. If Big State wants information related to a different contract than the one it specified in its discovery requests, it should issue new or revised discovery requests correctly identifying the contract. The Court should not compel GSC to answer the discovery that Big State wishes it had issued, but in fact did not.[22] Indeed, without a discovery request correctly identifying the contract about which Big State seeks information, it is unclear what the Court could compel GSC to do. This aspect of Big State's motion must be denied.

### 3. Interrogatory 3, RFP 5: Phone Records

Big State's motion with respect to information and documents related to phone calls and records is an example of GSC over-litigating this case. GSC provided Big State with a list of all people with whom it communicated regarding Big State's fuel deliveries.[23] With respect to the request for production, GSC informed Big State that

---

[22] As to Big State's apparent belief that GSC should, as an exercise in goodwill, simply provide this information, GSC submits that goodwill is a two-way street or it is nothing at all. While GSC will fully and fairly comply with discovery obligations, Big State has neither sought nor earned good will from GSC such that GSC that would go beyond those obligations for Big State's benefit.
[23] Docket 40-3.

OPPOSITION TO MOTION TO COMPEL
DISCOVERY AND CROSS-MOTION FOR
PROTECTIVE ORDER
Page 11 of 14

*Big State Logistics, Inc. v. Government Services*

4:13-cv-00029-TMB

Case 4:13-cv-00029-TMB   Document 46   Filed 02/20/14   Page 11 of 14

there were no documents related to any such phone calls.[24]  Big State, however, now demands that GSC go back through its phone records and track back all of its phone calls regarding the contract at issue, all dates on which such calls were made, to whom the calls were made, from what number they were made, etc.  This would be an extremely time-consuming and burdensome exercise, which GSC simply does not have the manpower to conduct. [25]  It is also clearly overbroad, as it seeks information regarding fuel deliveries other than Big State's.  More importantly, there is no legitimate discovery benefit to forcing GSC to do all of this work.  The information sought is not "highly relevant."  GSC has admitted communicating with government contract officers and has provided their names and contact information – what is the benefit to the present litigation of knowing the date and length of each individual call, or from what phone it was made?  To what claim is this relevant?  If Big State wants to know specifics about the content of such phone conversations (e.g. whether GSC requested payment for the Big State deliveries), the efficient way of doing it would be to take depositions and ask the participants.  This request would not give such information in any event.  More importantly, this is simply over-litigating the case, as there is really not much at issue.  GSC does not deny that Big State provided the fuel and that it must be paid.  The *only*

---

[24] This is not to say that there are no documents regarding the fuel deliveries, as Big State incorrectly asserts – Big State's request was limited to documents related to the referenced phone calls, and thus the response was so restricted as well.  *See* Docket 40-2.
[25] *See* Declaration of Matt Ruck.

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

OPPOSITION TO MOTION TO COMPEL  *Big State Logistics, Inc. v. Government Services*
DISCOVERY AND CROSS-MOTION FOR
PROTECTIVE ORDER
Page 12 of 14                                                                                                 4:13-cv-00029-TMB

fact issue here is raised by Big State's averment that GSC has already received payment for the deliveries, and this can be readily ascertained through Big State's other discovery requests. As there is no legitimate discovery purpose to this demand, and as the burden on GSC clearly outweighs the benefit of any information that could be provided, this aspect of the motion to compel should be denied.

## **CONCLUSION**

GSC respectfully requests that its requested protective order be issued, and that GSC's motion to compel be otherwise denied.[26]

---

[26] Big State has made a waiver argument as a centerpiece of its motion, asserting that all of GSC's objections have been waived because the Interrogatory responses were received a day late. First, it is worth noting that Big State did not raise this contention in any prior communications with GSC. Docket 40-5. Nor does Big State apply this hyper-technical standard to itself, as evidenced by its failure to supply the Good Faith Certificate required by Local Rule 37.1 for the present motion and its demand that GSC and the Court simply disregard its reference to an incorrect contract number in its discovery requests. Nor has Big State averred or demonstrated that it has in any way been prejudiced by the late arrival of these documents. In fact, the responses were provided a day late. This was due to difficulties in finalizing and verifying answers. The undersigned did not anticipate a need to obtain an extension from Big State, not anticipating that a technical waiver argument would be made. Under the circumstances, GSC requests that the Court excuse the 1-day tardiness under the provisions of Civil Rule 34(b)(4). GSC will be glad to further address this issue if the Court so requires.

OPPOSITION TO MOTION TO COMPEL
DISCOVERY AND CROSS-MOTION FOR
PROTECTIVE ORDER
Page 13 of 14

*Big State Logistics, Inc. v. Government Services*

4:13-cv-00029-TMB

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

DATED this 20th day of February, 2014, at Anchorage, Alaska.

                                            DORSEY & WHITNEY LLP

                                            By: /s/ Michael A. Grisham
                                                 Michael A. Grisham, ABA #9411104
                                                 1031 W. 4th Avenue, Suite 600
                                                 Anchorage, AK 99501-5907
                                                 Telephone: (907) 276-4557
                                                 Facsimile: (907) 276-4152
                                                 grisham.michael@dorsey.com
                                                 Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on
the 20th day of February, 2014, a true and correct
copy of this document was served on

Robert A. Sparks
1552 Noble Street
Fairbanks, AK 99701

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.

/s/ Michael A. Grisham
Michael A. Grisham, ABA No. 9411104
Dorsey & Whitney, LLP

4820-2368-7192\2

OPPOSITION TO MOTION TO COMPEL     *Big State Logistics, Inc. v. Government Services*
DISCOVERY AND CROSS-MOTION FOR
PROTECTIVE ORDER
Page 14 of 14     4:13-cv-00029-TMB

Case 4:13-cv-00029-TMB Document 46 Filed 02/20/14 Page 14 of 14

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557