Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska 99701
907-451-0875 voice
907-451-9385 fax
sparkslawoffice@yahoo.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| BIG STATE LOGISTICS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GOVERNMENT SERVICES CORP. f/k/a MLDC GOVERNMENT SERVICES CORP., a Delaware Corporation. | ) |
| | ) |
| Defendant | ) |

CASE NO. 4:13-cv-00029-TMB

**PLAINTIFF'S MOTION AND
MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

Plaintiff Big State Logistics Inc. asks the Court to award it full reasonable attorney's fees in this case under ARCP 82, because the Defendant Government Services' defense that it had not yet been paid for the bulk gasoline delivered by Plaintiff Big State was completely false. Plaintiff Big State seeks an award of its actual reasonable fees in the amount of $32,167 for the litigation of this case. Total Attorney hours for Robert Sparks are 109.04 hours at $250 per hour and 11.9 hours for FOIA specialist Stephen Reed from Smith Currie & Hancock in Atlanta, Geogia, at $425 per hour. See Robert A. Sparks Aff.

A. Introduction.

Plaintiff is Big State Logistics Inc. an Alaska Corporation. Plaintiff Big State filed suit in September 2013, seeking to recover for $155,054.39 worth of gasoline that it had delivered to Joint Base Elmendorf/Richardson at the request of Defendant Government Services Corp.

Page 1

Docket 4, Amended Complaint, Docket 9, Affidavit of Mervin Gilbertson. Plaintiff Big State also sought prejudgment attachment of the amount due from Defendant Government Services. Docket 8 and 9. Defendant contended in its Answer and in its sworn affidavit from Matt Ruck that it had not yet been paid by the United States for the gasoline delivered by Plaintiff Big State. Docket 18, 19. Based on Matt Ruck's affidavit denying that the United States had paid for the fuel, the District Court denied Plaintiff Big State's Motion for Prejudgment Attachment. Docket 35.

Government Services managing agent, Matt Ruck, has two felony convictions for crimes involving dishonesty within the last six (6) years, including felony forgery and felony bad checks. Docket 53, exhibit 1 and 2.

On March 27, 2014, Defendant Government Services filed a Motion of Confession of Judgment. Docket 64. On April 4, 2014, the Court entered a judgment in favor of Plaintiff Big State against Defendant Government Services in the amount of $155,054.39. Defendant Government Services filed its Motion to Confess judgment, because it knew that Plaintiff Big State would shortly be in receipt of an affidavit to establish that the invoices submitted by Defendant Government Services to the United States for the fuel supplied by Plaintiff had all been paid to Defendant Government Services prior to Plaintiff Big State's lawsuit being filed in September 2013. See Affidavit of Robert A. Sparks and Affidavit of Cedric D. Davis (Exhibits A - P to Mr. Davis' affidavit). In short, Defendant Government Services Corp.'s defense to the case was a fraud and a sham, it had been paid by the United States for the fuel prior to the Plaintiff's lawsuit being filed. See Affidavit of Robert A. Sparks and Affidavit of Cedric D. Davis (Exhibits A - P to Mr. Davis' affidavit).

B.  Plaintiff Big State is Entitled to Fees Under ARCP 82.

A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees. See Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir.2001). The minimum fee award Plaintiff Big State

Page 2

should receive under ARCP 82 would be $13,803.24 for contested without trial.[1]  However, Plaintiff Big State seeks award of its actual attorney's fees in litigating this case under A.R.C.P. 82, because Government Services Corp.'s defense that it had not been paid by the federal government for the fuel it purchased from Plaintiff Big State was completely false and frivolous.

"Rule 82(b)(3) lists factors that may permit a court to depart from a partial fees award calculated under Rule 82(b)(1) and (2), and to award enhanced or even full reasonable fees." Johnson v. Johnson, 239 P.3d 393, 399 (Alaska 2010).  The trial court may award full reasonable fees when a defense was frivolous, vexatious or in bad faith.  Id.  Defendant Government Services falsely maintained though out the litigation of this case that it had not yet been paid by the United States for the fuel it purchased from Plaintiff Big State.  Docket 18, 19, 30, 31.

C. Government Services Corp. Was Fully Paid By The United States.

Prior to the filing of this lawsuit by Plaintiff Big State, Defendant Government Services had been fully paid for all of the fuel delivered by Plaintiff Big State to JBER at Defendant's request.  Defendant Government Service's denials that it had been paid are completely false.

Defendant Government Services Corp. identified its unpaid invoices for the fuel submitted by Plaintiff Big State as the following invoices numbers:

| date | invoice number | gallons | amount |
|------|----------------|---------|--------|
| 6/26/13 | 11322-3268 | 9884 | $39,018.51 |
| 7/15/13 | 11322-3278 | 9994 | $39,371.61 |
| 7/31/13 | 11322-3299 | 10,024 | $39,508.99 |
| 8/7/13 | 11322-3309 | 9,941 | $39,264.46 |

Exhibit 1, Grisham letter 2/5/2014.  The dates that the fuel was delivered by Plaintiff Big State to JBER were as follows:

> June 26, 2013
> July 11, 2013

---

[1] ARCP 82(b)(1): 25,000 x 18% = $4,500; $75,000 x 8% = $6,000; $55,054.39 x 6% = $3,303.24).  $4,500 + $6,000 + $3,303.24 = $13,803.24

Page 3

July 26, 2013
		July 30, 2013.

Docket 9, Gilbertson Aff.

Defendant Government Services admitted that the federal fuel contract number for the contract under which the fuel was delivered was SP0600-11-D-4009.  Exhibit "2" Discovery Response excerpt  (Docket 40-4 at page 11 of 17).

On April 10, 2014, Plaintiff Big State obtained the attached Affidavit of Cedric D. Davis, the Government Information Specialist for the United States Defense Financial Accounting Service. See  Davis Affidavit.  Mr. Davis certifies that the documents attached to his affidavit as Exhibit s A - P are true copies of original records maintained by the Defense Financial Accounting Service concerning  "contract no. SP0600-11-D-4009, that were requested by Big State Logistics, Inc."  See Davis Aff.  Mr. Davis further certifies that the documents were kept in the course of the regularly conducted business activity of the DFAS and were prepared as a regular practice or custom.   See  Davis Affidavit

Exhibit A to Mr. Davis' Affidavit shows that Defendant Government Services invoice no. 11322-3268 was paid to Defendant on July 12, 2013, in the amount of $37,289.37.  Davis Aff, Ex. A.  Exhibit B shows that the government assigned goods receipt no. 5115941451 to the delivery on June 27, 2013.  Davis. Aff., Ex. B.  Exhibit "C" to Mr. Davis' affidavit shows that Defendant Government Services received payment for "goods receipt no. 5115941451" for 9,844 gallons in the amount of $37,289.37 on July 12, 2013.  Davis Aff. Ex. C p. 2.

Exhibit E to Mr. Davis' affidavit shows that Defendant Government Services invoice no. 11322-3278 was paid on July 19, 2013, in the amount of $37,904.24.  Davis Aff. Exhibit E. Exhibit F shows that the government assigned "goods receipt no. 5116208227" to the delivery on July 12, 2013.[2]     Exhibit G to Mr. Davis' affidavit shows that Defendant Government Services received payment for "goods receipt no. 5116208227" on July 19, 2013.  Davis Affidavit, Exhibit

---

[2]Apparently, the date of July 12, was a typographical error and this date should have been July 15, 2013.

Page 4

G.

Exhibit I to Mr. Davis' affidavit shows that Defendant Government Services invoice no. 113223299 was paid on August 26, 2013. David Aff. Exhibit I  Exhibit J shows that the government assigned "goods receipt no. 5116467133 to the delivery on July 31, 2013. Davis Aff. ex I.  Exhibit K, shows that "goods receipt no. 5116467133" was paid to Defendant Government Services on August 26, 2013.  Davis Aff. Ex. K.

Exhibit M to Mr. Davis' Affidavit shows that Defendant Government Services invoice no. 113223309 was paid to Defendant Government Services on September 3, 2013.  Davis Aff. Ex. M.  Exhibit N to Mr. Davis Affidavit shows that the government assigned "goods receipt no. 5161750375" to the delivery.  Davis Aff. Ex. N.   On Exhibit O, the goods receipt number is used as the ""invoice number" and the document shows that Defendant Government Services was paid for the fuel delivery on September 3, 2013.  Davis Aff. Ex. O.  Exhibit P to Mr. Davis' Affidavit shows that the delivery date for the fuel that Defendant Government Services was paid for on September 3, 2013, was July 30, 2013.  Davis Aff., Ex. P.  This is the same date as the last delivery by Plaintiff Big State to JBER.  <u>See</u> docket 9, Gilbertson Aff.

There is no reasonable dispute that Defendant Government Services Corp. was fully paid by the United States for the fuel delivered by Plaintiff Big State Logistics, Inc. no later than September 3, 2013.  <u>See</u> Davis Aff, Exhibits A-P.  Defendant's defense that it had not been paid by the United States for the fuel delivered by Plaintiff Big State, is completely false and frivolous.   Plaintiff Big State seeks recovery of its reasonable attorney's fees incurred in this case in the total amount of $32,167.00.  <u>See</u> Robert A. Sparks Affidavit.

While Defendant may continue to contend that the case was "overlitigated" Plaintiff Big State, Plaintiff relies on the attached affidavit of attorney Mark P. Melchert.  Mark P. Melchert Affidavit.  Mr. Melchert is an Alaska Attorney who represents another Government Services creditor, Coville, Inc. in District of Alaska case no. 3-12-cv-000232.  Defendant Government Services confessed judgment that it owed Coville $345,727 and had agreed to make installment

Page 5

payments.  Melchert Aff.  Mr. Melchert explains that Defendant Government Services only paid Coville a little over $100,000 and the quit making instalment payments.  Melchert Aff.  Following entry of judgment, Mr. Melchert has been unable to contact Mr. Ruck or anyone else from Government Services and has been unable to locate any assets from which to collect Coville's judgment.  See Melchert Aff.

Significantly, Plaintiff Big State obtained entry of a discovery order in the present case compelling Defendant Government Services to disclose the location, name and account number of its bank.  Docket 63.

## **CONCLUSION**

Plaintiff Big State is entitled to an award of its full reasonable attorney's fees, due to the false, frivolous and bad faith defense alleged by Defendant Government Services in this case. Plaintiff Big State seeks an award of its actual reasonable attorney's fees in the amount of $32, 167 for 109.04 hours by attorney Robert Sparks and 11.9 hours for FOIA specialist Stephen Reed from Smith Currie & Hancock in Atlanta, Geogia, at $425 per hour.  See Robert A. Sparks Aff.

DATED this 18th day of April, 2014, at Fairbanks, Alaska.

THE LAW OFFICES OF ROBERT A. SPARKS

Robert A. Sparks /s/
Robert A. Sparks
Attorney for Plaintiff
Membership No. 8611139
1552 Noble Street
Fairbanks, Alaska 99701
Phone: 907-451-0875
Fax: 907-451-9385

CERTIFICATE OF SERVICE
I hereby certify that on the 18th
day of April, 2014, a copy of the
foregoing Motion and Memorandum
in support of Motion for Attorney's Fees was
served via ecf, on:

Page 6

Michael A. Grishman, Attorney for Government Services Corp.

By: <u>     Ras   /s/                        </u>
     Robert A. Sparks

Page 7