Michael A. Grisham
DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone: (907) 276-4557
Facsimile: (907) 276-4152

Attorneys for Defendant
Government Services Corp.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BIG STATE LOGISTICS, INC.,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>GOVERNMENT SERVICES CORP., f/k/a MLDC GOVERNMENT SERVICES CORP.,<br><br>　　　　　　　Defendant. | Case No. 4:13-cv-00029-TMB<br><br>**OPPOSITION TO MOTION FOR ATTORNEYS' FEES** |

Defendant Government Services Corp. ("GSC") hereby opposes the Motion for Attorneys' Fees filed by Plaintiff Big State Logistics, Inc., ("Big State") at Docket 76. Big State's approach to this litigation has been a case study in vexatious, obstreperous, and wasteful litigation practices. GSC respectfully submits that the Court should not reward these improper practices with an enhanced attorneys' fee award, and that Big State's practices instead mandate a reduction of any Rule 82 award.

## **INTRODUCTION**

There has never been a significant dispute here. GSC has never disputed that Big State delivered fuel at GSC's behest and that GSC would have to pay for that fuel.

GSC's only defense was that it had not yet been paid for the fuel itself. GSC offered a confession of judgment for the full amount sought before the litigation even commenced, made the same offer several times thereafter, and eventually simply confessed judgment to avoid further unnecessary litigation expense.

Big State, however, rejected reasonable efforts at resolution at every turn, insisting instead on wasteful and vexatious litigation, asserting dozens of misguided discovery requests and filing two entirely unnecessary motions to compel. The fact that Big State, through its own vexatious, obstreperous, and overly litigious approach, managed to incur tens of thousands of dollars in attorneys' fees in a case where no attorney's fees were in fact necessary is not fairly laid at GSC's doorstep. At most, Big State should be awarded the standard percentage under Alaska Civil Rule 82. More appropriately, any attorneys' fee award should be significantly reduced to account for Big State's improper approach.

## I. ALASKA CIVIL RULE 82 STANDARDS

This Court applies Alaska Civil Rule 82 to diversity matters.[1] That Rule allows, in a case where a money judgment is recovered, an award of a varying percentage of the total amount of the judgment.[2] The court may adjust the award downward based on several considerations, including the complexity of the litigation, the reasonableness of the hours expended, the reasonableness of the claims pursued, the relationship between the amount of work performed and the matters at stake, and vexatious conduct.[3]

---

[1] D. Ak. L.R. 54.3.
[2] Ak.R.Civ. Proc. 82(b).
[3] *Id.*

OPPOSITION TO MOTION FOR ATTORNEYS' FEES
Page 2 of 7
4813-9894-4538\1

*Big State Logistics, Inc. v. Government Services*
4:13-cv-00029-TMB

Case 4:13-cv-00029-TMB-SAO   Document 87   Filed 05/05/14   Page 2 of 7

## II. BIG STATE'S CONTINUED REFUSAL OF OFFERS TO CONFESS JUDGMENT WAS VEXATIOUS AND UNREASONABLE

There was never any need to litigate this case:

- GSC has never disputed that it would have to pay the amounts GSC sought.

- <u>*Prior to this litigation*</u>, GSC offered a settlement consisting of a <u>*confession of judgment for the full amount sought*</u> with a covenant not to execute so long as GSC met the terms of a payment plan.[4] Big State refused.

- *Twice more* during the course of the litigation, GSC again offered a settlement consisting of a confession of judgment for the full amount sought and a payment plan, but with a higher up-front payment of $20,000. Big State refused.

- Big State's ultimate refusal to accept a confessed judgment was based on the remarkable justification that "your client's settlement offer is really to only pay $20,000 *and then let Big State have a worthless judgment*."[5]

- Big State even opposed GSC's request, made at oral argument on one of Big State's motions to compel, for the Court to enter a confessed judgment without any conditions.

A confession of judgment is the gold standard of litigation settlement offers. <u>All that a party can get through litigation is a judgment</u>. Big State was offered a judgment in its favor for the full amount sought before it spent a dime litigating this case, and several

---

[4] Affidavit of Michael A. Grisham.
[5] Exhibit 1 – (emphasis added).

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

more times after that. Big State refused these offers of a judgment in its favor along with significant upfront payments, deriding the offered judgment as "worthless." It instead chose to both refuse the upfront money *and* incur significant attorneys' fees in order to get … the same judgment! Big State even went so far as to oppose, at oral argument on its motion to compel, GSC's offer to simply confess judgment without any covenant not to execute. This bears repeating: Big State was offered, in open court, <u>*all*</u> of the relief that it could obtain in this matter without need to litigate further, <u>*and it opposed GSC's request*</u>.

Big State's insistence on litigating, even when there was no substantive reason to litigate, took vexatiousness to an unreasonable and nearly incomprehensible extreme. Big State's efforts appear intended to maximize, rather than minimize the fees incurred. GSC's offers rendered Big State's extensive work on the case unnecessary, as it was offered all the relief it could get for no expenditure at all. Big State's inability to take "yes" for an answer does not merit compensation in the form of an attorney's fee award under the standards set forth in Alaska Civil Rule 82(b)(3)(A), (E), (F), (G), (H), and (J).

## III. BIG STATE'S DISCOVERY POSITIONS WERE UNREASONABLE

The lion's share of the work done by attorneys in this case was related to Big State's discovery jihad, which was both unnecessarily overdone and unreasonably litigious. Again, Big State's efforts in this regard do not merit any compensation, but rather a reduction.

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

In a case where the essential facts were not contested, Big State issued dozens of discovery requests. As set forth in the briefing on Big State's motions to compel, many of Big State's discovery requests were simply misguided – seeking information, for example, on the wrong contract, and demanding banking and customer account information not related to the issues between the parties in this case.[6] While discovery is certainly broad, Big State made no efforts to keep the issues in this case narrow, even though GSC had essentially conceded liability and damages.

Moreover, Big State's motions to compel in this matter were "necessitated" only by its own unreasonableness. First, most of GSC's objections to the production of documents were based on the need for a reasonable protective order.[7] As made clear in the briefing, GSC agreed to produce documents once a protective order was in place. Big State, however, tied up the process based on its patently unreasonable insistence that such protective order could not limit the use of documents produced thereunder to the present case. As noted in the briefing, *every* protective order necessarily contains such a provision, because without it the order is inherently ineffective. Big State's opposition to this necessary provision could only have been based on pure contentiousness or a lack of understanding of protective orders generally, but was in either event unreasonable.

The same is true of, for example, Big State's position on production of information regarding the specific contract at issue. As discussed in the briefing on Big State's motion to compel, Big State simply got the contract number wrong in its

---

[6] *See* Docket 46, 48, 56.
[7] *Id.*; *see also* Exhibit 2.

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

OPPOSITION TO MOTION FOR ATTORNEYS' FEES
Page 5 of 7

*Big State Logistics, Inc. v. Government Services*
4:13-cv-00029-TMB

discovery requests. Instead of simply issuing new or corrected discovery requests, however, Big State sought unnecessary court intervention through a motion to compel. The Court, of course, simply instructed Big State to send out interrogatories with the right contract number – the same thing GSC told it to do in the first instance. This level of obstreperousness was, again, simply unreasonable.

Nor did the lesson sink in. Even after the motion to compel led to predictable results, Big State issued new discovery requests, *and got the contract number wrong again*.[8] Again, Big State chose to be obstreperous first, in lieu of paying attention to the substance of the matter.

Again, these are factors supporting a downward departure under Alaska Civil Rule 82(b)(3)(A), (E), (F), (G), (H), and (J).

## CONCLUSION

This brief is not intended to be a comprehensive list, but simply to demonstrate that the fact that this was not a matter that needed to be litigated at all did not stop Big State from over-litigating from start to finish. Big State's approach to the case was unreasonably vexatious and contentious. It took up the Court's time with unnecessary discovery motions and asserted unreasonable positions regarding such motions. It obstreperously refused GSC's various offers to confess judgment at no additional cost to Big State, preferring instead to force the parties to incur costs and attorneys' fees (and to force the Court to spend unnecessary time and resources) to obtain the same result. GSC

---

[8] Exhibit 3 (Discovery Responses) at 2.

could not avoid being dragged into court on this matter – it could not force Big State to accept the judgment by confession that the Court eventually entered. GSC should not, however, have to pay attorneys' fees simply because Big State was unreasonably contentious. Big State's Motion should be denied.

DATED this 5th day of May, 2014, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: /s/ Michael A. Grisham
Michael A. Grisham, ABA #9411104
1031 W. 4th Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone: (907) 276-4557
Facsimile: (907) 276-4152
grisham.michael@dorsey.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on
the 5th day of May, 2014, a true and correct
copy of this document was served on

Robert A. Sparks
1552 Noble Street
Fairbanks, AK 99701

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.

/s/ Michael A. Grisham
Michael A. Grisham, ABA No. 9411104
Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

OPPOSITION TO MOTION FOR ATTORNEYS' FEES
Page 7 of 7

*Big State Logistics, Inc. v. Government Services*
4:13-cv-00029-TMB

Case 4:13-cv-00029-TMB-SAO   Document 87   Filed 05/05/14   Page 7 of 7